**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4218**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM RONALD DOUGLAS, II,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00420-WO-1)

Submitted: November 21, 2019                    Decided: November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Renorda Pryor, HERRING LAW CENTER, PLLC, Durham, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ronald Douglas, II, appeals the district court's judgment revoking his supervised release and sentencing him to 48 months of imprisonment and 1 year of supervised release. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but discussing whether the district court imposed a plainly unreasonable sentence. In his pro se supplemental brief, Douglas argues that the controlled substances found in his vehicle were the fruit of Fourth Amendment violations. The Government declined to file a response brief.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes and citation omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal brackets and quotation marks omitted).

2

We conclude that the district court did not err when it imposed the 48-month sentence. The district court properly calculated Douglas' policy statement range as 18-24 months, based on his Grade A violation and his criminal history category of III, U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2018) (revocation table). The court heard the parties' arguments and Douglas' allocution, responded to the parties' arguments, and explained the selected sentence in terms of the revocation-relevant statutory factors. The district court thoroughly explained its rationale for imposing the above-policy statement-range sentence in terms of the relevant § 3553(a) factors and specifically addressed counsel's arguments for a sentence within the policy statement range.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We have considered the arguments presented in Douglas' pro se supplemental brief and conclude they are without merit.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Douglas, in writing, of his right to petition the Supreme Court of the United States for further review. If Douglas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Douglas. We dispense with

---

[*] Douglas' claim in his pro se supplemental brief that the drugs seized during his traffic stop should have been suppressed fails because the exclusionary rule does not apply in supervised release revocation proceedings. *United States v. Armstrong*, 187 F.3d 392, 394-95 (4th Cir. 1999).

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*